## Abraham Van Deusen *et al. versus* James Blum *et al.*

A contract under seal was executed by the plaintiffs, of the one part, and by B, for himself and his copartner T, (but without authority from T,) in the partnership name, of the other part, for a purpose within the scope of the partnership, namely, the erection of a dam for the company, and the plaintiffs thereupon provided the materials and built the dam, but did not finish it until after the partnership was dissolved. It was *held*, that T was not liable on the sealed instrument, but that as the supposed contract which the plaintiffs undertook to perform, between themselves and the company, had no existence, he was liable upon an implied promise for the work performed and materials furnished before the dissolution of the partnership.

This was an action of *debt*. The declaration contained two counts upon a special contract under seal, a third upon a *quantum meruit* for labor performed, and a fourth upon a *quantum· valebant* for materials furnished. The defendant Blum was defaulted ; the other defendant, Thouvenin, appeared, and to the two first counts he pleaded *non est factum*, and to the third and fourth, *nil debet*.

At the trial, before *Morton* J., the plaintiffs produced the contract, purporting to be between themselves of the one part, and Blum and Thouvenin of the other part. Blum and Thouvenin were partners, and were so described in the contract. The plaintiffs had duly executed the contract, and Blum also had executed it by signing the company name " J. C. Thouvenin & Co.," and annexing a seal. There was no evidence that he had any authority to execute the contract in behalf of Thouvenin, or that Thouvenin was present at the execution or ever ratified it.

The judge ruled, that the instrument could not go in evidence to the jury as the deed of Thouvenin

Van Deusen
*v.*
Blum.

The contract was for building a dam by the plaintiffs for Blum and Thouvenin, across the Housatonic river ; which was a purpose within the scope of the partnership business. The plaintiffs offered to prove that they built the dam and furnished the materials therefor, and they claimed against Thouvenin, under the third and fourth counts, what their work and materials were worth. Thouvenin objected to the admission of this evidence, and contended that there being an express contract executed by the plaintiffs and Blum, and that contract being in force and binding upon Blum, the plaintiffs' remedy was on that instrument alone.

But the judge ruled, that the plaintiffs might, notwithstanding that contract, recover under the third and fourth counts, upon an implied promise, for all the materials furnished and labor performed before the dissolution of the partnership.

Thouvenin and Blum dissolved partnership on the 10th of November, 1832, and all the partnership property was conveyed to Blum, and he agreed to pay all the partnership debts. The dam was not finished until after the 10th of November, and for the work done previously to that day the jury found a verdict against Thouvenin.

The questions arising upon these facts were reserved for the consideration of the whole Court.

*Sept. 21st.*

*Dwight*, *Byington*, and *Tucker*, for the defendant. There being an express contract binding on Blum, the plaintiffs cannot waive it and resort to an implied promise by him and Thouvenin. *Gates* v. *Graham*, 12 Wendell, 53 ; *White* v. *Skinner*, 13 Johns. R. 307 ; *Green* v. *Beals*, 2 Caines's R. 254 ; *Banorgee* v. *Hovey*, 5 Mass. R. 11 ; *Worthen* v. *Stevens*, 4 Mass. R. 449 ; *Whiting* v. *Sullivan*, 7 Mass. R. 107. Where there is a sealed instrument, it merges the simple contract. *Richards* v. *Killam*, 10 Mass. R. 243 ; *Cooke* v. *Munstone*, 4 Bos. & Pul. 351 ; *Ward* v. *Johnson*, 13 Mass. R. 148.

*Bishop* and *Sumner*, *contrà*, cited *Smith* v. *First Congr. Meetinghouse in Lowell*, 8 Pick. 178 ; *Hayward* v. *Leonard*, 7 Pick. 181 ; *Lloyd* v. *Archbowle*, 2 Taunt. 324 ; *Reynolds* v. *Cleveland*, 4 Cowen, 282 ; Collyer on Partn. 267 ; *Denton* v. *Rodie*, 3 Campb. 492.

MORTON J. delivered the opinion of the Court. Debt, as well as assumpsit, will lie on a *quantum meruit* or a *quantum valebant.* 1 Chit. Pl. 107 ; 2 Wms's Saund. 117 *b*, note; *Union Cotton Manufactory* v. *Lobdell*, 13 Johns. R. 462. Hence these counts may well be joined with counts upon a specialty Smith v. *First Congr. Meetinghouse in Lowell*, 8 Pick. 178.

It was long doubted, whether a man, who performed work in consequence of a special contract, but not in conformity to it, could recover for the services rendered and materials found. There are many and conflicting authorities on the subject. They have all been carefully examined and compared, and the rule established by our Court, as we think, according to the principles of justice and the weight of authority. He who gains the labor and acquires the property of another, must make reasonable compensation for the same. *Hayward* v. *Leonard*, 7 Pick. 181 ; *Smith* v. *First Congr. Meetinghouse in Lowell*, 8 Pick. 178 ; *Munroe* v. *Perkins*, 9 Pick. 298 ; *Brewer* v. *Tyringham*, 12 Pick. 547.

The general authority derived from the relation of partnership, does not empower one partner to seal for the company or to bind them by deed. It requires special power for this purpose. See *Cady* v. *Shepherd*, 11 Pick. 400, and the cases there cited. Here was no evidence of any previous authority or subsequent ratification. The sealed instrument executed by one partner in the name of the firm, might bind him, but could not be obligatory upon the company. And although the plaintiffs might have had a remedy upon the contract against the party who executed it, yet they were not bound to rely upon him alone.

The services never were rendered either in conformity to or under such an agreement. The plaintiffs undertook to execute a contract between themselves and the company. But there being no such contract in existence, they are left to resort to their equitable claim for their labor and materials. So far as these benefited the company, the plaintiffs are entitled to recover against them.

*Judgment on the verdict*